JOHN C. LEY AND J. R. ZETROUER, ADMINISTRATORS OF H. E. PARDEE, APPELLANTS, vs. WM. EDWARDS, APPELLEE.

1. In a suit in equity against the representative of a deceased person the complainant therein is not a competent witness in said suit to testify as to any transaction or communication occurring between himself and said deceased person.

2. When a plaintiff in a judgment against B. makes a verbal agreement with C. that said judgment shall be a lien on land then sold by B. to C., such agreement neither adds to nor detracts from the legal force of the judgment, and when such judgment is subsequently decided by the court in which it was entered, to be of no legal or binding force, because it had been paid by C. and its lien discharged thereby, such verbal agreement is not effective as a lien on the land sold by B. to C.

Appeal from the Circuit Court for Alachua county.

The facts of the case are stated in the opinion.

*W. W. Hampton* and *S. Y. Finley* for Appellants.

*J. H. Goss* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

It appears in this case that the appellee, Wm. Edwards, recovered a judgment in the Circuit Court of Alachua county against John C. Ley on the 3d of May, A. D. 1875, for $1,071.08 upon which no execution has been issued. It appears also that said Ley was seised in fee of a lot of land

in the town of Micanopy, in said county. . That afterwards, on the 26th day of November, 1876, said Ley conveyed said land by deed to one Pardee, since deceased, and upon whose estate letters of administration were granted J. R. Zetrouer, one of the appellants. That on December 1st, 1876, Edwards gave to Ley a receipt acknowledging payment of all demands up to date. That on January 1st, 1877, the said Pardee executed to Edwards two promissory notes for $350 each, which were given for the purchase money of the lot of land conveyed by Ley to Pardee on the 26th of November previous.

That at the time of giving the notes Pardee offered to give Edwards a mortgage on the lot of land which Edwards declined, saying that he preferred to rely on the lien of his judgment against Ley. That after the lapse of three years from the rendition of said judgment against Ley, Edwards sued out a *scire facias* in the Circuit Court of Alachua county to revive his judgment, to which Ley pleaded that said judgment had been paid. The issue of payment *vel non* was submitted to a jury who rendered a verdict for defendant therein, Ley, and judgment was entered in accordance therewith.

The complainant, Edwards, filed his bill in equity, alleging therein a verbal agreement between himself, Ley and Pardee, that the lien of Edward's judgment against Ley was to be continued in force as a security to Edwards for the two notes of Pardee for the purchase money of the lot of land, and praying that said lot of land should be sold under said judgment and the proceeds of sale be applied to the payment thereof. The decree of the court below was in accordance with the prayer of the bill.

The complainant relies for relief on an alleged verbal agreement between himself and Ley and Pardee, the deceased, which was to the effect that the judgment of the com-

plainant against Ley was to be in force against the lot of land sold by Ley to Pardee. In considering the testimony in this case the evidence of complainant, Edwards, must be excluded for the reason that he was incompetent to testify in this cause, the transaction having occurred between himself and the deceased Pardee, and the present suit being by him against Pardee's representatives. McClellan's Digest, sec. 24, p. 518 ; Tunno and Jessup & Co. vs. Roberts, 16 Fla., 738 ; Belote vs. O'Brien, Administrator, 20 Fla., 126. Laying aside the evidence of Edwards, the remaining testimony is not sufficient to satisfy us that Pardee consented to the agreement. We are also of the opinion that if such an agreement had been established by the testimony that it was entirely nugatory. It was in effect an attempt to create a lien on the lot of land by a verbal agreement that a judgment should have that effect. A lien of a judgment is given by law and must depend for vitality on its own inherent force. No mere verbal agreement could add anything to its efficacy or make it valid as a security apart from the effect given it by law. But the evidence shows that in the very court where it was rendered, when complainant attempted to revive it, the court refused to grant an execution on it on the direct ground that it had been paid. It had completed its mission and was no longer of any legal force or efficacy whatever, and could not be vitalized by a verbal agreement.

This view of the case makes it unnecessary to decide the other points raised by counsel.

The decree of the Circuit Court is reversed, and a decree here rendered ordering that the bill be dismissed but without prejudice to complainant's rights either in law or equity against the parties interested.